UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMBER BAPTISTE,

    *Plaintiff*,

v.

SEQUOIA CAPITAL OPERATIONS, LLC,

    *Defendant*.

Civil Action No. 1:25-cv-02566 (UNA)

**MEMORANDUM OPINION**

    This matter is before the Court on Plaintiff Amber Baptiste's *pro se* Complaint, ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons that follow, the Court will grant Baptiste's IFP Application and dismiss the case with prejudice.

    Baptiste, a resident of California, sues Sequoia Capital Operations, LLC, although she appears to sue numerous other Defendants who are not listed in the Complaint's caption, in contravention of Federal Rule 10(a). *See* Compl. at 1, 5–9. The Complaint itself is prolix, totaling 301 pages. Baptiste alleges that she is a survivor "of one of the most egregious and systemically concealed human trafficking, sexual slavery, and judicial corruption enterprises in modern legal history," executed by "billionaire financiers," "multinational venture capital firms and global law firms," "118 elite white supremacist lawyers," "state and federal judges acting under color of law," and countless others. *See* Compl. at 2 (cleaned up). She seeks assorted equitable relief and damages. *Id*. at 297–98.

    *Pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and Rule 8 requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of

1

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint that is "full of irrelevant and confusing material" will fail the Rule's standard, and so will "a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (citation omitted). If a complaint fails to comport with the standards of Rule 8, the court may dismiss the pleading or the action. *Id.*

Baptiste's Complaint, as a "confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). In short, because the Complaint is neither short nor plain, *see* Fed. R. Civ. P. 8(a), and its allegations cannot be described as simple, concise, or direct, *see* Fed. R. Civ. P. 8(d)(1), Hyde's Complaint and the proposed supplements are "too unwieldy to proceed." *Spence v. U.S. Dep't of Vet. Affairs*, No. 19-cv-1947, 2022 WL 3354726, at *11 (D.D.C. Aug. 12, 2022), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 594 (2024).[1]

---

[1] *See also Unfoldment, Inc. v. Dist. of Columbia*, No. 07-cv-1717, 2007 WL 3125236, at *1–2 (D.D.C. Oct. 24, 2007) (dismissing 61-page complaint); *Ciralsky v. CIA*, 355 F.3d 661, 668–671 (D.C. Cir. 2004) (affirming dismissal without prejudice of 61-page complaint and striking of 119-page complaint); *Nichols v. Holder*, 828 F. Supp. 2d 250, 253–54 (D.D.C. 2011) (dismissing 140-page complaint because it was "prolix, redundant, [and] bloated with unnecessary detail," falling far short of Rule 8(d)'s requirement that each allegation be "simple, concise, and direct"); *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (collecting cases).

Baptiste's claims are also barred by *res judicata*. "The doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat. Pension Fund, Ben. Plan A v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). *Res judicata* is "so integral to the administration of the courts that a court may invoke [it] *sua sponte*." *Fenwick v. United States*, 691 F. Supp. 2d 108, 116 (D.D.C. 2010) (quotation marks omitted). *Res judicata* helps courts "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

Baptiste has already repeatedly and unsuccessfully filed substantially similar lawsuits in other courts. *See, e.g.*, *Amber Doe v. Goguen, et al.*, No. 23-cv-02280 (C.D. Cal. filed Mar. 28, 2023), at Dismissal Order (entered May 22, 2023) (dismissing action with prejudice), ECF No. 38; *Jane Freedom Doe v. Quinn Emanuel Urquhart and Sullivan LLP, et al.*, No. 23-cv-04723 (C.D. Cal. filed June 14, 2023) at Dismissal Order (entered June 16, 2023) (dismissing action with prejudice), ECF No. 5; *Amber Doe v. Sequoia Capital, et al.,* No. 23-cv-06439 (C.D. Cal. filed July 6, 2023), at Dismissal Order (entered Sept. 20, 2023) (dismissing action with prejudice), ECF No. 22; *Doe v. Sequoia Capital, et al.*, No. 9:23-cv-00088 (D. Mont. filed Jul. 28, 2023), at Dismissal Order (entered Oct. 17, 2023) (dismissing action with prejudice), ECF No. 17. Under *res judicata,* "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). There is no question that this matter arises out of the same conspiratorial claims raised in Baptiste's prior cases. The final adjudication of Baptiste's previous lawsuits thus precludes further action in this one.

The Complaint, ECF No. 1, and this case, are dismissed with prejudice. Baptiste's Motion for Temporary Restraining Order, ECF No. 3, seeking the same relief as sought in the Complaint, is denied for the same reasons, and her Motion for CM/ECF Access, ECF No. 5, is denied as moot. A separate Order accompanies this Memorandum Opinion.

DATE: November 5, 2025

CARL J. NICHOLS
United States District Judge